UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Sloan E. Carter, | ) C/A No. 6:10-1761-RBH-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| State of South Carolina; City of Greenville, SC; County of Greenville, SC; Social Security Administration, | ) |
| Defendants. | ) |

The plaintiff, Sloan E. Carter ("Plaintiff"), proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff also files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names several governmental entities as defendants and claims "error on the part of the State and other defendants." The complaint should be dismissed for failure to state a claim upon which relief may be granted against the named defendants.

REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

BACKGROUND

The complaint names the State of South Carolina, the City of Greenville, the County

of Greenville, and the Social Security Administration as defendants. The complaint states Plaintiff has been "denied civil and Constitutional rights." Compl. at 3. The statement of claim further states verbatim:

> 2) Documents will show financial responsibility 3) Error on part of the State and other defendants 4) error was made, in fact, on the filing of the financial responsibility form. Driver's license number was entered wrong as well as Plaintiffs date of birth. Information shown to a South Carolina department of transportation clerk at Columbia, SC caught the error but said her hands was tied until she recieved a signed Order from a judge, which brings me into this Honorable forum. 'Where snarles and obstacles preclude an effective remedy at state and lower levers, Federal courts have no choice but to take jurisdiction.' Where then, did Plaintiff acquire a financial responsibility form. He didn't mail it to himself. On the very date 03/26/02 when all business took place for his right to operate a vehicle in South Carolina.

The relief section of the complaint requests the following relief (verbatim):

> 1) An order issued by a judge reinstating Plaintiff's driving priviledges. 2) Social Security money illegaly withheld reimbursed. 3) illegal ticket fines reimbursed 4) automobiles, that the cities enviromental department towed away be reimbursed 5) fair and impartial hearing 6) punitive and actual damages.

The complaint also has documents attached. On the first document, a "South Carolina Financial Responsibility Insurance Certificate," with Plaintiff's name and address, Plaintiff has written (verbatim):

> This Financial Responsibility Form was issued on 3-26-02 the very date that a reinstatement fee was met, a traffic ticket violation paid, and proof of SR 22 met. The mistake was made by the State, not the Plaintiff, and someone within the State system should have straighten this matter out. Wrong driver's license number and wrong date of birth 'This is the culprit,' and the error is in fact on the State.

The additional attachments to the complaint are documents relating to Plaintiff's automobile insurance and driving record.

## DISCUSSION

The complaint claims denial of constitutional rights, so the complaint has been

construed as filed pursuant to 42 U.S.C. § 1983.  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although the complaint claims violation of a constitutional right, the factual allegations of the complaint do not identify a federal right that has been violated.  The complaint alleges negligence in entering incorrect information has occurred.  The plaintiff's allegations of possible negligence is a state law claim that does not establish a claim for violation of a federal right as required under § 1983.  The allegations in the complaint indicate "mistake" or "error" on the part of "someone within the state system," which does not rise to the level of a constitutional violation under § 1983.  Simple error, mere mistake or negligence is not a constitutional violation under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986) (Fourteenth Amendment does not apply to negligence, a breach of duty of care).  The plaintiff's allegations do not establish a claim for violation of a federal right as required under § 1983.  The complaint fails to state a claim for violation of Plaintiff's constitutional rights and should be dismissed.

In addition,  the complaint is subject to dismissal for failure to state a claim on which

relief may be granted against the named defendants. The State of South Carolina is immune from suit in this § 1983 action. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which pre-dates the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 728-29(1999). Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. *See Hans v. Louisiana*, 134 U.S. 1 (1890).

In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court discussed the application of the Eleventh Amendment in § 1983 actions, stating

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Id*. at 66. Although a State may consent to suit in a federal district court, which serves to waive sovereign immunity, *Lapides v. Board of Regents*, 535 U.S. 613 (2002), the State of South Carolina has specifically denied consent to suit in federal district court. *See* South Carolina Tort Claims Act, § 15-78-20(e) South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit

in a federal court or in a court of another State).  The Eleventh Amendment bars Plaintiff from bringing this § 1983 action against  the Defendant State of South Carolina in this Court.

The complaint also names the City of Greenville and the County of Greenville as defendants.  Municipal liability is based on execution of a governmental policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).  A municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997).  Plaintiff fails to identify a policy or custom of the City of Greenville or the County of Greenville which caused his federal rights to be violated, thus he fails to state a claim against these Defendants.  Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than merely place a name in the caption to state a claim against a particular defendant.  *See White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion").  The complaint does not contain factual allegations identifying the particular conduct of Defendants City of Greenville and County of Greenville that is alleged to have harmed Plaintiff.  The complaint fails to state a claim against Defendants City of Greenville and County of Greenville.

The complaint also names the Social Security Administration as a defendant.  The statement in the request for relief seeks reimbursement for "social security money illegaly withheld."  The Defendant Social Security Administration is a federal agency and, as such, is not subject to suit pursuant to § 1983.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982)( federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law.)  To allege action under color of state law and "implicate 42

U.S.C. § 1983, conduct must be 'fairly attributable to the State.'" *Debauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The Defendant social Security Administration, however, is not subject to suit pursuant to *Bivens*. A *Bivens* action may not be brought against agencies or departments of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies). The complaint fails to state a claim against the Defendant Social Security Administration.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(i, iii) ("fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."). **Plaintiff's attention is directed to the important notice on the next page.**

                                                       s/Bruce Howe Hendricks
                                                      United States Magistrate Judge

July 14, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).